KATHY M. HUYNH (SBN 233314)
Kathy.Huynh@huschblackwell.com
HUSCH BLACKWELL LLP
1999 Harrison St., Suite 700
Oakland, CA 94612
*Telephone:* 510.768.0650
*Facsimile:* 510.768.0651

Attorneys for Defendants
G6 HOSPITALITY LLC
MOTEL 6 OPERATING L.P.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA GARCIA,<br><br>             Plaintiff,<br><br>vs.<br><br>G6 HOSPITALITY LLC; MOTEL 6 OPERATING L.P.; and DOES 1-10, inclusive.<br><br>             Defendants. | CASE NO.<br><br>**DEFENDANTS G6 HOSPITALITY LLC AND MOTEL 6 OPERATING L.P.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTSRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO U.S.C. §1332.1441 AND 1446**<br><br>*(Filed concurrently with Declaration of Rebecca Lennard, Declaration of Maria Sanchez, Declaration of Kathy M. Huynh, Notice of Interested Parties, and Civil Cover Sheet)* |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that G6 Hospitality LLC ("G6") and Motel 6 Operating L.P. ("Motel 6," together with G6, the "Defendants") by and through counsel, invoke this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446, and remove this action from the Superior Court of the State of California for the County of San Joaquin. As grounds for removal, Defendants state as follows:

1

## PROCEDURAL BACKGROUND

1. On April 22, 2021, Plaintiff Juana Garcia ("Plaintiff") filed a civil complaint against Defendants in the Superior Court of the State of California for the County of San Joaquin, *Juana Garcia v. G6 Hospitality LLC., et al.,* Case No.: STK-CV-UOE-2021-0003593, which sets forth the following causes of action: (1) Failure to Provide Meal Periods; (2) Failure to Provide Rest Breaks; (3) Wage Statement Violations; (4) Waiting Time Penalties; (5) Age Discrimination; (6) Retaliation; (7) Wrongful Termination in Violation of Public Policy; and (8) Unfair Competition in Violation of Cal. Business and Professions Code §§ 17200, et. seq. (the "Complaint").

2. The Superior Court for the County of San Joaquin issued a Summons for G6 and for Motel 6 on April 22, 2021. Plaintiff served the Summons and Complaint, and related court documents on G6 and Motel 6 on January 19, 2022. Copies of the Summons, Complaint and all other related court documents served upon Defendants, which comprise all of the process, pleadings and orders served upon Defendants to date, are attached hereto as **EXHIBIT "A."**

3. Defendants have not filed an answer in this case.

4. The undersigned counsel certifies that a copy of this Notice of Removal and all supporting documents will be served on Plaintiff's counsel and filed with the Clerk of the San Joaquin County Superior Court, as required by 28 U.S.C. § 1446(d).

5. Venue for this action lies in the U.S. District Court for the Eastern District of California pursuant to 28 U.S.C. § 1441 because this is the judicial district embracing the place in which the action was filed and where the case is pending.

6. This Notice of Removal has been filed within thirty (30) days after Defendants were served with a copy of the Summons and Complaint upon which this action is based. This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

7. Under 28 U.S.C. § 1332(a), a district court has original jurisdiction when the

controversy is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This action is removable pursuant to 28 U.S.C. §§ 1332 and 1441 because the citizenship of the real parties in interest is completely diverse and the amount in controversy for Plaintiff's individual claims exceeds the jurisdictional requirement of $75,000.00.

**A.   The Parties are Citizens of Different States**

9. Citizenship of the parties is determined by their citizenship status at the commencement of the action and when the case is removed. 28 U.S.C. § 1332(d)(7); *Strotek Corp. v. Air Transport Ass'n of Am.,* 300 F.3d 1129, 1131-32 (9th Cir. 2002).

10. At the time of filing the Complaint, Plaintiff alleged that she was employed and performed services within the State of California, in the County of San Joaquin. Complaint ¶4.

11. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

12. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90-94 (2010).

13. A limited liability company is a citizen of every state of which its members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14. In determining whether a civil action is removable under 28 U.S.C. § 1332(a), citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C. § 1441(b). Thus, the presence of Doe Defendants does not impact diversity for removal purposes.

15. G6 Hospitality LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Texas, where its officers direct, control and coordinate the company's activities. Its sole member is IBL Limited, LLC. Declaration of

Rebecca Lennard, ¶¶ 3 - 4.

16. Motel 6 Operating L.P. is a limited partnership registered in Delaware and operating a principal place of business in Texas, where its officers direct, control and coordinate the company's activities. Declaration of Rebecca Lennard, ¶¶ 5-6.

17. As a result, G6 and Motel 6 are citizens of Texas and Delaware for purposes of 28 U.S.C. §1332 and 28 U.S.C. § 1441. Accordingly, G6 and Motel 6's sole member is a citizen of Texas and Delaware. Since G6 and Motel 6's member is a citizen of Texas and Delaware, G6 and Motel 6 are accordingly citizens of Texas and Delaware for purposes of 28 U.S.C. §1332 and 28 U.S.C. § 1441. *See Johnson,* 437 F.3d 94.

18. Accordingly, Plaintiff is a citizen of California, and Defendants are citizens of Texas and Delaware, there is complete diversity between Plaintiff and Defendants.

**B.    Amount in Controversy**

19. Pursuant to 28 U.S.C. § 1332, the amount in controversy for Plaintiff's individual claims must exceed the jurisdictional requirement of $75,000.00.

20. A court determines the jurisdictional amount based on the relief sought in the complaint. The federal diversity jurisdiction statute, 28 U.S.C. §1332(a), provides that the "amount-in-controversy requirement excludes only 'interest and costs.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007)

21. In measuring the amount in controversy, a court must assume the plaintiff will prevail on each of her claims. *Roth v. Comerica Bank*, 799 F. Supp. 2d 1107, 1117 (C.D. Cal. 2010) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaints, not what a defendant will actually owe.").

22. A defendant must only make a plausible allegation of the amount in controversy. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). The Ninth Circuit employs "a preponderance of the evidence standard when the complaint does not allege a specific amount in controversy." *See Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010). Under the "preponderance of the evidence" standard, the amount in controversy can incorporate assumptions, including the

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

maximum amount "put into issue," as "the amount in controversy is simply an **estimate** of the **total** amount in dispute." *Id.* at 400-401 (emphasis added).

23. While Defendants deny Plaintiff's factual allegations and deny she is entitled to any of the relief for which she has prayed, it is clear that Plaintiff has put into controversy an amount "more likely than not" in excess of $75,000.00.[1]

### i. Lost Wages and Benefits

24. The Government Code prohibits a variety of unlawful employment practices, including harassment, discrimination, and retaliation. Gov't Code § 12940

25. In her fifth and sixth causes of action, Plaintiff alleges claims under the Government Code Fair Employment and Housing ("FEHA") for discrimination and retaliation. Complaint ¶¶ 59-78.

26. Plaintiff alleges she suffered the "loss of wages, salary, benefits" and "additional amounts of money Plaintiff would have received if Plaintiff had been properly promoted, received proper wage increases, and increased hours of work" and "emotion and physical distress" as a result of the alleged discrimination, retaliation and wrongful termination. Complaint ¶¶ 64, 65, 74, 75, 83. Plaintiff requests general damages and special damages "in an amount according to proof." Complaint, Prayer for Relief ¶¶ 1 - 9.

27. Plaintiff alleges her employment was constructively terminated on June 12, 2019. Complaint ¶ 31. At the time of her alleged constructive termination, Plaintiff's regular rate of pay was $13.75 per hour. Declaration of Maria Sanchez, ¶ 4.

28. The amount in controversy for purposes of determining jurisdiction is at least the amount of back pay at the time of removal. *See, e.g.*, *Garfias v. Team Indus. Servs., Inc.*, No. LC CV 17-04282 JAK, 2017 WL 4512444, at *4 (C.D. Cal. Oct. 10, 2017).

---

[1] This Notice of Removal discusses the nature and amount of damages placed at issue in Plaintiff's Complaint. Defendants' reference to specific damages amounts are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of $75,000. Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff.

29. Assuming Plaintiff's salary remained consistent, her damages for lost wages from June 12, 2019 through the date of this Notice of Removal would be approximately $77,000. Plaintiff's regular rate of pay was $13.75 per hour and she was an employee who worked five days per week and eight or more hours per day. Complaint ¶ 14-15. Thus, her damages for lost wages is $77,000: $13.75 x 8 hours per day x 5 days per week = $550 per week; $550 per week x 140 workweeks = **$77,000**. By the time the case is resolved at trial, likely no earlier than February 2023 (a year from the date this Notice is filed), Plaintiff's lost wages could amount to over $104,500.

30. Damages for lost employment benefits are more likely than not to be more than nominal and therefore worth at least $1. *Sasso v. Noble Utah Long Beach, LLC*, Civ No. 14-9154-ABAJWX, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015).

31. Thus, the amount in controversy for lost wages and other benefits is at least $77,000. *See Simmons*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (past wage loss supported diversity jurisdiction); *Sasso*, 2015 WL 898468, at * 5.

### ii. Meal Breaks

32. Plaintiff alleges Defendants did not authorize or permit her to take 30-minute meal periods after five hours worked, and that she is entitled to one hour at her regular rate of pay for each meal period that was not provided. Complaint ¶¶ 40-43, Prayer for Relief, ¶4.

33. Plaintiff will likely argue (and Defendants will dispute) that the relevant time period for her meal break claim began on April 22, 2017 (four years before the filing of the Complaint) and ended on June 12, 2019, when her employment ended. Assuming Plaintiff prevails on that argument, the time period constitutes more than 111 workweeks.

34. Plaintiff's regular rate of pay was $13.75 per hour, and she was an employee who worked five days per week and eight or more hours per day. Complaint ¶ 14-15. Thus, Plaintiff's amount in controversy for the meal break claim is at least $7,631.25: $13.75 x five missed meal periods per week x 111 workweeks = **$7,631.25**

### iii. Rest Breaks

35. Plaintiff alleges that Defendants did not authorize or permit her to take a 10-minute uninterrupted rest breaks for every four hours worked or major fraction thereof, and that she is entitled to one hour at her regular rate of pay for each work day that a rest break was not provided. Complaint, ¶¶ 45-48 and Prayer for Relief, ¶ 4.

36. Plaintiff will argue that the relevant time period for her rest break claim exceeds 111 weeks. Plaintiff's regular rate of pay was $13.75 per hour, and she was an employee who worked five days per week and eight or more hours per day. Complaint ¶ 14-15. Thus, Plaintiff's amount in controversy for the rest break claim is at least $7,631.25: $13.75 x five missed rest breaks per week x 111 workweeks = **$7,631.25**

### iv. Emotional Distress Damages

37. Plaintiff alleges she has suffered and continues to suffer emotional distress as a result of Motel 6's actions and seeks an unspecified amount of damages for suffering. Complaint ¶¶ 65, 75, Prayer for Relief ¶ 3.

38. Emotional distress damages are properly considered in the amount of controversy for jurisdiction purposes. *Sasso*, 2015 WL 898468, at * 6.

39. Emotional distress damages in employment cases can be substantial. *See Hurd v. Am. Income Life Ins.*, No. CV-13-05205-RSWL-MRW, 2013 WL 5575073, at *7 (C.D. Cal. Oct. 10, 2013); *see also Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming jury's award of $30,000 in emotional distress damages and only $5,612.00 in back pay in race discrimination case).

40. The Court here should consider at least **$10,000.00** in emotional distress damages for purposes of determining the amount in controversy. *See Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) ("[T]she court will conservatively consider a conservative estimate of $10,000, an amount even less than a 1:1 ratio of emotional distress damages to economic damages, to determine the amount in controversy.").

### v. Punitive Damages

41. Plaintiff alleges that the alleged conduct of Motel 6 was "oppressive,

malicious, deliberate, willful, and with conscious disregard of the rights of Plaintiff" and as a result Plaintiff seeks "punitive damages against Defendants in order to deter them from such conduct in the future." Complaint ¶ 66, 67, 76, 77.

42. "It is well established that punitive damages are part of the amount in controversy for purposes of establishing diversity jurisdiction." *Sasso*, 2015 WL 898468, at *6 (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)) (internal quotations omitted).

43. Punitive damages in employment cases can be substantial. *See Hurd*, 2013 WL 5575073, at *7.

44. The Court should consider at least **$10,000.00** in potential punitive damages. *See Adkins*, 293 F. Supp. 3d at 1147 ("As a conservative estimate, the court will consider $10,000 in potential punitive damages, an amount even less than a 1:1 ratio of compensatory to economic damages.").

45. Indeed, specific jury verdicts in employment cases in California indicate that verdict awards well in excess of the jurisdictional requisite have been awarded to plaintiffs (including hourly employees with minimal or no economic damages) in cases alleging harassment, discrimination, retaliation and wrongful termination:

a. *Jadwom vs. County of Kern.*, No.07-CV-00026 (OWW), USDC Eastern District of California, June 8, 2009: awarding plaintiff $321,285 in compensatory damages and $250,000 in punitive damages in connection with her retaliation claims.

b. *Noyes v. Kelly Services, Inc.*, 2:02-cv-02685-GEB-CMK, USDC Eastern District of California, April 8, 2008, awarding plaintiff $6,547,134 (including punitive damages) in connection with religious discrimination claim resulting in failure to promote.

   **vi. Statutory Penalties**

46. Plaintiff alleges that Motel 6 failed to provide complete and accurate wage statements by failing to accurately itemize all premiums due to Plaintiff. ¶51.

47. Plaintiff seeks the statutory penalties of $50 for the initial pay period in which

a violation occurred and $100 for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.00 pursuant to Labor Code section 226(e). Complaint, ¶52.

48. Plaintiff was paid biweekly such that there were approximately 24 pay periods during which Plaintiff could have received non-compliant wage statements, such that Plaintiff could recover up to **$2,350** for the alleged failure to provide accurate wage statements. *See* Declaration of Maria Sanchez, ¶ 4.

49. Plaintiff also seeks penalties based on Defendants' alleged failure to pay all wages due upon her separation from employment as required by Labor Code section 202, and seeks associated penalties provided for in Labor Code section 203. Complaint ¶¶ 54-58.

50. Labor Code section 203 provides the wages of the employee shall continue as a penalty for up to 30 days. Cal. Lab. Code § 203. At Plaintiff's hourly rate of $13.75 per hour, she places $3,300 in controversy for her waiting time penalty claim, calculated as follows: $13.75/hour x 8 hours/day x 30 days = **$3,300**.

### vii. Attorneys' Fees

51. Plaintiff's Complaint seeks "attorneys' fees and costs" under the Labor Code, Government Code and § California's Unfair Competition Statute. Complaint ¶ 2, Prayer for Relief ¶ 8. When an underlying statute authorizes an award of attorneys' fees, the fees may be included in the amount in controversy. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

52. The Labor Code and Government Code authorize an award of attorneys' fees. Cal. Lab. Code § 218.5; Cal. Gov't Code § 12965(b); *Adkins*, 293 F. Supp. 3d at 1147. California Code of Civil Procedure section 1021.5, authorizes an award of attorneys' fees for Plaintiff's unfair competition claims under California Business and Professions Code sections 17200, *et seq*.

53. Employment claims have been found to require "substantial effort from counsel." *Adkins*, 293 F. Supp. 3d at 1147 (citing *Sasso*, 2015 WL 898468, at *6).

54. Courts have held that a reasonable rate for employment cases is $300.00 per

hour, and 100 hours is an appropriate and conservative estimate of the number of hours expended through trial for an employment action. *Adkins*, 293 F. Supp. 3d at 1147 ("Accordingly, the court will consider a reasonable and conservative estimate of the attorney's fees at the time of removal would be $30,000."); *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1472 (9th Cir. 1995) (affirming $724,380.00 in attorneys' fees in FEHA and ADEA case).

55. The Court should consider at least **$30,000.00** in attorneys' fees for purposes of determining the amount in controversy for establishing jurisdiction. *See Adkins*, 293 F. Supp. 3d at 1147.

### viii. Total Amount in Controversy.

56. The amount in controversy for purposes of jurisdiction is the total amount at stake in the litigation. *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005).

57. Based on the allegations in the Complaint, the total amount at stake in this litigation is in excess of the jurisdictional minimum of $75,000.00 as summarized below.

| Lost Wages And Benefits | $77,000 |
|---|---|
| Meal Breaks | 7,631.25 |
| Rest Breaks | 7,631.25 |
| Emotional Distress | $10,000 |
| Punitive Damages | $10,000 |
| Wage Statement Violations | $2,350 |
| Labor Code Section 203 Penalties | $3,300 |
| Attorneys' fees | $30,000 |
| **Total:** | **$147,912.50** |

HUSCH BLACKWELL LLP
1999 HARRISON ST., SUITE 700, OAKLAND, CA 94612
(510) 768-0650

## CONCLUSION

58.     Accordingly, the parties are completely diverse and Plaintiff's claims place more than $75,000.00 in controversy.  For those reasons, this case is properly removed to this Court under 28 U.S.C. §§ 1332(a) and 1441.

In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that they may have an opportunity to more fully brief the Court on the basis for this removal.

Dated: February 18, 2022                HUSCH BLACKWELL LLP


                                        By:     *s/ Kathy M. Huynh*
                                                KATHY M. HUYNH

                                        Attorneys for Defendants

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Denver, State of Colorado. My business address is 1801 Wewatta Street, Suite 1000, Denver, Colorado 80202.

On February 18, 2022, I served a true copy of the following document described as:

**DEFENDANTS G6 HOSPITALITY LLC AND MOTEL 6 OPERATING L.P.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTSRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA PURSUANT TO U.S.C. §1332.1441 AND 1446**

on the interested parties in this action as follows:

☐ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **BY U.S. MAIL:** I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the document(s) in a sealed envelope, postage fully paid, addressed as follows:

> Arlo Garcia Uriarte
> Ernesto Sanchez
> Liberation Law Group, P.C.
> 2760 Mission Street
> San Francisco, CA 94110

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 18, 2022, at Denver, Colorado.

*s/ Aileen P. Thead*
AILEEN P. THEAD
Practice Support Team Specialist

HUSCH BLACKWELL LLP
300 SOUTH GRAND, SUITE 1500, LOS ANGELES, CA 90071
(213) 337-6550